UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD WILLIAMS #336843,

          Plaintiff,                                   Hon. Hala Y. Jarbou

v.                                        Case No. 1:22-cv-853

MICHAEL TOMASZCZYK, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion for Summary Judgment.
(ECF No. 17).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that
Defendant's motion be granted and this action terminated.

## BACKGROUND

       Plaintiff initiated this action against four individuals employed at the Earnest C.
Brooks Correctional Facility: (1) Michael Tomaszczyk; (2) John Doe #1; (3) John Doe #2;
and (4) John Doe #3.   (ECF No. 1).   In his complaint, Plaintiff alleges the following.

       On December 16, 2021, Plaintiff was scheduled for a medical call-out to receive
"restricted pain medication" prescribed to treat a right shoulder injury.   When Plaintiff
asked Defendants John Doe #1 and John Doe #2 to open his cell so that he could receive
his medication, Defendants responded that "health care will call you when they are
ready to see you."   Asserting that he was already ten minutes late for his scheduled

-1-

appointment, Plaintiff requested to speak with a Sergeant.    Defendants responded by informing Plaintiff that "since you want to complain to the Sergeant. . .you don't have shit coming and you're not going to any call-out."    Plaintiff "was never called out for the next 3 months."    Plaintiff eventually reported the matter to Defendant Tomaszczyk, who informed Plaintiff that, because he "refused to attend the callout or show up to the callout on time," he would not be scheduled for any further callouts.    As a result, Plaintiff continued to experience excruciating shoulder pain.

Plaintiff asserts that Defendants John Doe #1 and John Doe #2 violated his First and Eighth Amendment rights by unlawfully retaliating against him and denying him necessary medical treatment.    Plaintiff asserts that Defendant Tomaszczyk violated his Eighth Amendment rights by denying him necessary medical treatment. Defendant Tomaszczyk now moves for summary judgment.    Plaintiff has failed to respond to the motion.    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

**ANALYSIS**

## I.    Doe Defendants

Plaintiff initiated this action on September 15, 2022.   (ECF No. 1).    On September 28, 2022, this matter was stayed so that the parties could participate in mediation.   (ECF No. 5).   This stay was lifted on October 19, 2022 and the Court ordered that Plaintiff's complaint be served.    (ECF No. 9).

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint."    The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."    *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

-4-

While Plaintiff has been granted pauper status, thus entitling Plaintiff to have his complaint served by the United States Marshal, Plaintiff nevertheless bears the responsibility to "identify and provide an address for the John Doe defendant[s] so that the Court may order service." *Eden v. Keinath*, 2022 WL 2812515 at *3 (E.D. Mich., July 18, 2022). Because Plaintiff has failed to provide the Court with the identities of the three Doe Defendants within the time frame articulated in Rule 4(m), dismissal is appropriate. *Ibid.* Accordingly, the undersigned recommends that Plaintiff's claims against Defendants John Doe #1, John Doe #2, and John Doe #3 be dismissed for failure to timely effect service.

## II. Defendant Tomaszczyk

Plaintiff alleges that Defendant Tomaszczyk violated his Eighth Amendment rights by denying him necessary medical treatment. The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06. The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the

objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*; *see also*, *Phillips v. Tangilag*, 14 F.4d. 524, 535 (6th Cir. 2021) ("only grossly or woefully inadequate care – not just care that falls below a professional standard – can be called 'cruel and unusual'").

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294. To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See, e.g., Tangilag*, 14 F.4d. at 535 (the Eighth Amendment is not "a federal malpractice statute"); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Defendant has submitted evidence demonstrating that during the time period in question, Plaintiff was examined on multiple occasions and received his prescribed medications.   (ECF No. 17 at PageID.68-117).   By failing to respond to the present motion, Plaintiff has failed to present any evidence to the contrary.   Defendant has demonstrated, therefore, the absence of a factual dispute regarding Plaintiff's denial of medical treatment claim.   Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## III.  Waiver

Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.   *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim").   Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto.   *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.,

May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendant's motion, the undersigned recommends, in the alternative, that Defendant's motion for summary judgment be granted on the ground that Plaintiff has simply waived opposition thereto.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against the three John Doe Defendants be dismissed for failure to timely effect service.  The undersigned further recommends that Defendant's Motion for Summary Judgment (ECF No. 17) be granted and this action terminated.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 6, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

-9-